IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVORIC PENTEZ TILMAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-85 (MTT) |
| **Warden ERIC SELLERS,** *et al.*, | ) |
| **Defendants.** | ) |

## ORDER

After screening the Plaintiff's recast complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle ordered the following claims to go forward: (1) the Eighth Amendment claims against Defendants Lieutenant Woodson, Sergeant Johnson, and Officer Jackson for excessive force; (2) the Eighth Amendment claim against Woodson for deliberate indifference; (3) the First Amendment retaliation claim and Fourteenth Amendment due process claim against Defendant Unit Manager Trimble; and (4) the First Amendment claim against Defendant Deputy Warden Ivey. (Doc. 7). The Magistrate Judge recommends dismissing (1) the Eighth Amendment claim for denial of medical care against Woodson, Johnson, Jackson, and the Jane Doe nurses; (2) the Eighth Amendment failure-to-protect claim against Trimble and Ivey; and (3) the First Amendment retaliation claim and Fourteenth Amendment due process claim against Defendants Deputy Warden Hill and Warden Sellers. The Plaintiff has filed a motion for reconsideration, which the Court construes as an objection to the Recommendation. (Doc. 10). The Plaintiff has also moved to amend his complaint. (Doc. 37).

I.      The Plaintiff's Objection to the Recommendation

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.  In his objection, the Plaintiff has asserted additional facts to address some of the deficiencies in his amended complaint described in the Recommendation.  Therefore, the Court will construe these portions of the objection as a motion to amend the complaint.  *See Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of those additional allegations were objections to the recommendation of dismissal, the collective substance of them was an attempt to amend the complaint.  Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[ ] it.").  Accordingly, this motion is **GRANTED.**

The Plaintiff objects to the dismissal of his claims regarding the denial of medical care against Woodson, Johnson, Jackson, and the Jane Doe nurses.  The Magistrate Judge recommends dismissing these claims because the Plaintiff has failed to sufficiently allege a serious medical need from the effects of the pepper spray and the Defendants' subjective awareness of his continued medical complaints.  The Court acknowledges that while the immediate effects of pepper spray may not necessarily be a serious medical need, "the effects of prolonged exposure to pepper spray with inadequate decontamination and poor ventilation" can be.  *See Danley v. Allen*, 540 F.3d 1298, 1311 (11th Cir. 2008), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Here, the Plaintiff alleges that in addition to the immediate effects of

pepper spray, he experienced prolonged and persistent eye irritation, but medical care was delayed.  However, in his complaint and objection, the Plaintiff has failed to sufficiently allege that Woodson, Johnson, Jackson, and the Jane Doe nurses were aware of the Plaintiff's continued medical complaints or otherwise responsible for the delay and denial of care.  *Cf. id.* at 1312 ("The jailers allegedly did nothing when the inadequacy of the decontamination shower became apparent from [the plaintiff's] and the other inmates' continuing complaints.").  Accordingly, these claims are **DISMISSED without prejudice**.

The Plaintiff objects to the dismissal of his failure-to-protect claim against Trimble and Ivey.  The Magistrate Judge recommends dismissing this claim because the Plaintiff's allegation that his cellmate was "noted to be [a] threat to the safety and security of the institution" was insufficient to establish the Defendants' subjective awareness of a substantial risk of harm.  (Doc. 7 at 7).  In his objection, the Plaintiff adds "that he verbally informed Unit Manager Trimble and Deputy Warden Ivey of a threat made on his life and requested to be placed in a cell by himself."  (Doc. 10 at 3).  Construed liberally, the Plaintiff has alleged that Trimble and Ivey were aware a known violent inmate threatened the Plaintiff's life but failed to move him.  Therefore, the claim may proceed.

The Plaintiff has objected to the dismissal of his Fourteenth Amendment claim against Hill because he was not permitted a "face-to-face" classification hearing as provided by the prison's standard operating procedure.  The Court agrees this claim should be dismissed for the reasons stated in the Recommendation.  The Plaintiff has not objected to the dismissal of the First Amendment retaliation claim against Hill.  The

Court has reviewed the recommendation to dismiss this claim and accepts the findings, conclusions, and recommendations of the Magistrate Judge.

The Plaintiff has objected to the dismissal of his First and Fourteenth Amendment claims against Warden Sellers. As to the First Amendment claim, the Court agrees the claim should be dismissed for the reasons stated in the Recommendation. As to the Fourteenth Amendment claim, the Magistrate Judge recommends dismissing the claim because "[t]here is nothing in the Complaint to suggest that Warden Sellers was personally aware that Trimble did not move Plaintiff or thereafter denied him due process." (Doc. 7 at 10). The Plaintiff adds in his objection:

> After Sellers told Plaintiff that he spoke with Trimble and that he was going to move him and Trimble didn't move him, Plaintiff wrote several letters advising Sellers that Trimble had not moved him. Plaintiff also filed several grievances which were all denied by Warden Sellers. After Sellers was made aware of Plaintiff's problem, Sellers refused … to rectify the problem.

(Doc. 10, ¶ 5). Thus, the Plaintiff has alleged Warden Sellers was aware of Trimble's continued failure to move the Plaintiff. Therefore, the claim may proceed.

The Court has reviewed the Recommendation, and the Recommendation is **ADOPTED in part and REJECTED in part**. The Eighth Amendment failure-to-protect claim against Trimble and Ivey and the Fourteenth Amendment due process claim against Warden Sellers are allowed to go forward. All other claims addressed in the Recommendation are **DISMISSED without prejudice**.

It is therefore **ORDERED** that service be made on Defendants Trimble, Ivey, and Sellers and that they file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. The Defendants are also reminded of the duty to avoid unnecessary service expenses and

of the possible imposition of expenses for failure to waive service. The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

## II. The Plaintiff's Motion to Amend the Complaint

After filing his objection, the Plaintiff moved to amend his complaint. (Doc. 37). Leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

In his motion to amend, the Plaintiff adds various allegations regarding previous lawsuits, exhaustion, damages, suing the Defendants in their individual and official capacities, and the pepper spray incident. (Doc. 37, ¶¶ 1-6, 9-14). The motion is **GRANTED** as to these allegations. (*Id.*). The Plaintiff also seeks "to elucidate" his Fourteenth Amendment claim against Defendant Hill. (*Id.* at ¶¶ 7-8). However, the Plaintiff reiterates the same allegations against Hill in his objection and does not provide any additional facts to state a plausible Fourteenth Amendment claim against Hill. Accordingly, the Plaintiff's motion to amend as to these allegations is **DENIED as futile**.

- 6 -

**SO ORDERED**, this 15th day of October, 2015.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT