IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAVORIC PENTEZ TILMAN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No: 5:15-cv-00085 (MTT) |
| | : | |
| **ERIC SELLERS,** *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : | Before the U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff Davoric Pentez Tilman filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Because Plaintiff has failed to prosecute this case by keeping the Clerk of Court and all opposing parties advised of his current mailing address at all times, it is **RECOMMENDED** that the above-styled case be **DISMISSED**.

On April 28, 2015, the Court issued an order providing instructions to the parties in the above-styled case. Doc. 7. In that order, the Court specifically advised Plaintiff that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." Id. at 12. The order also directed the parties to keep the Clerk of Court and all opposing parties advised of their current mailing address at all times, warning that the "failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings." Id.

The record establishes that Plaintiff has not kept the Clerk of Court and all opposing parties advised of his current mailing address. On November 18, 2015, the Court issued two text orders granting various motions. On December 3, 2015, copies of those orders entered on November 18, 2015 (Docs. 52, 53), that had been mailed to Plaintiff's last mailing address were returned to the

Court as undeliverable in an envelope marked "refused" and "discharged Telfair S.P." Doc. 54. On December 7, 2015, the Court issued an order to show cause, directing Plaintiff to show cause as to why his case should not be dismissed for failure to diligently prosecute his claims. Doc. 55. On December 28, 2015, a copy of the order to show cause entered on December 7, 2015 (Doc. 55) that had been mailed to Plaintiff's last mailing address was returned to the Court as undeliverable in an envelope marked "return to sender, discharged Telfair SP." Doc. 57. A Georgia Department of Corrections Inmate Search reveals that Plaintiff was released on parole November 9, 2015.

Because Plaintiff has failed to keep the Clerk of Court and all opposing parties advised of his current mailing address at all times, the Court must conclude that Plaintiff has abandoned his claims. Accordingly, **IT IS RECOMMENDED** that the above-styled case be **DISMISSED** based on Plaintiff's failure to diligently prosecute this case. Consistent with this recommendation, **IT IS FURTHER RECOMMENDED** that Defendants' motions to dismiss (Docs. 16, 45) and Plaintiff's Motion for Joinder (Doc. 43) be **DENIED AS MOOT** under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions

if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 5th day of January, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge