IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVORIC PENTEZ TILMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:15-CV-85 (MTT) |
| | ) |
| **Warden ERIC SELLERS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

The Plaintiff has moved for reconsideration of the Court's order dismissing his complaint pursuant to Rule 41(b) for failure to prosecute. (Doc. 65). Specifically, the Court dismissed his complaint because the Plaintiff failed to update the Court with his address, even though he was warned that failure to do so would result in the dismissal of his complaint. (Doc. 60). The Plaintiff now explains that "[b]efore [he] was released from prison[,] [he] sent a notice to the court regarding [his] change of address, and once [he] was released [he] called the defendants' attorney … and informed him of [his] change of address, but [he] never receive[d] any mail from the court or the … attorney." (Doc. 65 at 1).

On November 9, 2015, the Plaintiff informed the Court that his new address was at Telfair State Prison. (Doc. 48). This is where the Clerk of Court mailed the Court's orders that were returned as undeliverable. However, the Plaintiff was also released from Telfair State Prison on November 9, 2015, but he did not update the Court with his

new address outside of prison until after Judgment was entered against him. (Docs. 55; 64).

Because the Plaintiff's motion is untimely pursuant to Local Rule 7.6 and Fed. R. Civ. P. 59(e), the Court construes the Plaintiff's motion as a Fed. R. Civ. P. 60(b) motion. Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from a final order or judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud …; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Plaintiff's own mistake of failing to update the Court with his new address after he was released from prison is not an appropriate ground to grant the Plaintiff's Rule 60(b) motion. It was not the responsibility of the Defendants' attorney to update the Court with the Plaintiff's new address. Rather, as explained by the Magistrate Judge, it was the Plaintiff's responsibility. Accordingly, the Plaintiff's motion is **DENIED**. (Doc. 65).

The Plaintiff also requested that he be permitted to file a late reply to the Defendants' motion to dismiss and the Court's show cause order. That request is **DENIED as moot**. The Plaintiff further moved for leave to file an untimely appeal should these requests be denied. (Doc. 65 at 1). "A district court may extend the time to file a notice of appeal in a civil case if: (1) a party moves for an extension within 60 days of the judgment to be appealed; and (2) a party 'shows excusable neglect or good cause.'" *Leonard v. Holmes*, 335 F. App'x 896, 897 (11th Cir. 2009) (quoting Fed. R. App. P. 4(a)(5)(A)). The Plaintiff filed his motion more than 60 days after the Judgment

to be appealed was entered, and in any event, he has failed to demonstrate excusable neglect or good cause. Accordingly, the Plaintiff's motion for leave to file an untimely appeal is **DENIED**.[1]

    **SO ORDERED**, this 25th day of August, 2016.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT

---

[1] Plaintiff also requested that he be sent two "42 U.S.C. § 1983 complaint packages." (Doc. 65 at 2). The Clerk is **DIRECTED** to mail the Plaintiff the appropriate complaint forms.